UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRUCE TARVIN, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| -vs- | )   CAUSE NO: 1:09-cv-613-SEB-TAB |
| | ) |
| C&Z CONSTRUCTION, INC., | ) |
| | ) |
| Defendant. | ) |

**FINDINGS OF FACT, CONCLUSIONS OF LAW,
<u>AND PERMANENT INJUNCTION</u>**

This matter is before the Court on the Motion of Plaintiffs for an Injunction against Defendant, which Motion is in the following words and phrases, to-wit:

(H.I.)

And the Court having considered the Motion, the Affidavit of Cheryl Cottrell and the underlying pleadings, makes the following:

<u>Findings of Fact</u>

1.  Plaintiff Fund is a multi-employer benefit plan, maintained by the contributions of a large number of different employers. Plaintiff Fund is an employee benefit plan within the meaning of Sections 3(1)(2)(3)(21) and 502 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1002(1)(2)(3)(21) and 1132, and is a multi-employer plan within the meaning of ERISA Section 3(37), 29 U.S.C. §1002(37).

2. Plaintiff Bruce Tarvin is a fiduciary within the meaning of Section 3(21) and 404 of the Employee Retirement Income Security Act of 1974 (29 U.S.C. §1002(21) and 1104).

3. Plaintiffs have filed suit seeking to collect unpaid contributions owing from Defendant to and on behalf of Defendant's employees, and to require Defendant to fulfill its obligation to make current contributions to Plaintiffs.

4. Defendant is bound by collective bargaining agreements with IUOE Local Union No. 103 under which it is required to make contributions to the Plaintiff Fund for and on behalf of its employees covered by such agreement.

5. Defendant is engaged in an industry affecting commerce within the meaning of Sections 3(5)(11)(12) and (14) of ERISA, 29 U.S.C. §1002(5)(11)(12) and (14), and the Labor-Management Relations Act of 1947, 29 U.S.C. §151 et seq.

6. Defendant has failed to make contributions when they fall due.

7. Because the Fund relies on cash flow from employer contributions to provide benefits, and because delinquent contributions impair the ability of the Fund to make accurate financial statements, the actuarial soundness of the Plaintiff Fund is being jeopardized by Defendant's failure to make its required contributions to the Plaintiffs when they are due. Furthermore, the Pension Fund is harmed financially by the legal requirement that it credit employees with contributions even if their employer fails to remit them. Administrative hardship also is visited upon the Fund by these delinquencies.

8.      By virtue of the foregoing, the Plaintiffs lack an adequate remedy at law are likely to suffer irreparable injury.

## Conclusions of Law

1.      Jurisdiction exists by virtue of Section 301 of the Labor-Management Relations Act of 1947, 29 U.S.C. §185, in that Plaintiffs allege violations of a collective bargaining agreement between an employer and a labor organization representing employees in an industry affecting commerce.

2.      Jurisdiction further exists under Section 502 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1132.

3.      Defendant is bound to the terms of collective bargaining agreements with IUOE Local Union No. 103 and is required to make payments to the Plaintiff Fund in accordance with the terms of its agreements.

4.      In Section 515 of the Employee Retirement Income Security Act of 1974, added by the Multi-Employer Pension Plan Amendments Act of 1980, Congress has made the contractual obligation to contribute to multi-employer fringe benefit funds one of the requirements of Title I of ERISA.  ERISA Section 502(a)(3) authorizes this court to enjoin any act or practice which violates any provision of Title I of ERISA, including the obligation imposed by Section 515.  This Court therefore has jurisdiction to enjoin Defendant's continuing violation of Section 515, upon the proper showing of the Plaintiffs' entitlement to such relief.  Several court decisions have established the entitlement of Plaintiffs to the injunctive relief which they have requested of this Court.  Laborer's Fringe Benefit Funds,

Detroit and Vicinity v. Northwest Concrete and Construction, Inc., 640 F.2d 1350 (6th Cir. 1981); Huge v. Long's Hauling Company, 509 F.2d 457 (3rd Cir. 1978; and Frank Gould, et. al. v. Lambert Excavating, Inc., 870 F.2d 1214 (7th Cir. 1989).

    5.    Because the Defendant is obligated by terms of a collective bargaining agreement to make contributions to the Fund, and because it has failed to do so, the Plaintiffs are likely to succeed on the merits of their case.  Furthermore, in light of the mandate of Congress that employee pension benefit funds be accorded maximum protection and all appropriate remedies, it is this Court's finding that the likelihood of injury to the Defendant is less than that which could accrue to the Plaintiffs if injunctive relief were denied.

    6.    Because the actuarial soundness of the Plaintiff Fund is jeopardized by Defendant's continuing delinquencies, there is a likelihood of irreparable harm to the Fund (not to mention the participants) in the event that injunctive relief does not issue.  Because the Fund is an employee benefit plan which provides benefits to employees of employers who were and are bound by the trust agreements establishing the Fund, and to their dependents, the public interest is better served by the issuance of the injunction sought herein than by its denial.

Permanent Injunction

THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that Defendant should be and is hereby PERMANENTLY ENJOINED, as follows:

Defendant, its agents, servants, employees, and all persons in active counsel and in participation with it, are permanently enjoined from failing and/or refusing to make timely

payment of monies due Plaintiff Fund on behalf of all of Defendant's employees for whom contributions are required under the aforementioned collective bargaining agreements, beginning with the contributions for the month of June, 2009. All future contributions will be paid on or before their due date on the basis specified in any collective bargaining agreement between any subordinate Local Union of the IUOE and the Defendant.

Date: 12/01/2009

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Frederick W. Dennerline, III
FILLENWARTH DENNERLINE GROTH & TOWE
E-mail: fdennerline@fdgtlaborlaw.com

C&Z Construction, Inc.
c/o E.B. Zimmerman, Jr., Registered Agent
1120 W. Morgan Street
Kokomo, IN 46901

p/329b/md